# UNITED STATES DISTRICT COURT
для the
Eastern District of New York

| | |
|---|---|
| PATRICIA PENDELTON <br><br> *Plaintiff(s)* <br> v. <br> JOHN DOE, COMMISSIONER OF THE SUFFOLK COUNTY DEPARTMENT OF TRANSPORTATION <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* JOHN DOE, COMMISSIONER OF THE SUFFOLK COUNTY DEPARTMENT OF TRANSPORTATION
335 Yaphank Avenue
Yaphank, New York 11980

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Annette M. Totten Attorney at Law
P.O. Box 1907
Riverhead, New York 11901

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | | |
|---|---|---|
| PATRICIA PENDELTON <br><br> *Plaintiff(s)* <br> v. <br> THE COUNTY OF SUFFOLK <br><br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* THE COUNTY OF SUFFOLK
100 Veterans Memorial Hwy.
Hauppauge, New York 11788

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Annette M. Totten Attorney at Law
P.O. Box 1907
Riverhead, New York 11901

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | | |
|---|---|---|
| PATRICIA PENDELTON<br><br>*Plaintiff(s)*<br>v.<br>JOHN DOE, DRIVER FOR ACCESSIBLE TRANSPORTATION FOR THE SUFFOLK COUNTY PUBLIC BUS TRANSPORTATION<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* JOHN DOE, DRIVER FOR ACCESSIBLE TRANSPORTATION FOR SUFFOLK COUNTY PUBLIC BUS TRANSPORTATION
335 Yaphank Avenue
Yaphank, New York 11980

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Annette M. Totten Attorney at Law
P.O. Box 1907
Riverhead, New York 11901

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____          _____
                                                                              *Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PATRICIA PENDELTON,

                              Plaintiff,                  CIVIL RIGHTS COMPLAINT

   -against-                                                   Jury Trial Demand

THE COUNTY OF SUFFOLK,
JOHN DOE, DRIVER FOR ACCESSIBLE TRANSPORTATION
FOR SUFFOLK COUNTY PUBLIC BUS TRANSPORTATION,
JOHN DOE, COMMISSIONER OF THE SUFFOLK COUNTY
DEPARTMENT OF TRANSPORTATION.
                              Defendants.
-------------------------------------------------------------------X

## PRELIMINARY STATEMENT

This is a civil rights action filed by Annette M. Totten, an attorney licensed to practice law in the State of New York, on behalf of Patricia Pendelton. The Plaintiff herein captioned is permanently disabled and seek damages, declaratory and injunctive relief under Title 42 of the United States Codes section 1983, alleging gross negligence, deliberate and indifferent action and conduct that caused serious damages to the plaintiff; a failure by the County of Suffolk, to provide supervisory assistance to all drivers; employees hired to transport disabled persons by Suffolk County Accessory Transportation buses failure to be properly trained to assure all patrons public and individual safety when transported on said Suffolk County Accessory Transportation Buses. Plaintiff's discriminatory treatment was in violation of the United States Constitution. Specifically when the individual employee(s) failed to properly strap Plaintiff in said Public Bus setting for motor-wheel-scooter seated chairs without fully attached equipment. This act was cruel and unusual treatment while under the custodian care of said Suffolk County Accessory Transportation employees. Disable persons are not physically able to secure said safety straps and equipment when the custodians for said Suffolk County Accessible Transportation Public Bus maintain the legal obligations. In violation of Due Process Clause of the Fourteenth Amendment of the Constitution. Plaintiff also alleges the torts of negligence.

## JURISDICTION

1. The court has jurisdiction over the Plaintiff's claims of violation of Federal Constitutional rights under 42 U.S.C. section 1331(a) and 1343.

2. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. section 1367.

## PARTIES

3. The Plaintiff PATRICIA PENDELTON, was at all times herein mentioned a resident of the County of Suffolk, in the State of New York.

4. Defendant's County of Suffolk is a Municipality incorporated in the State of New York.

5. Defendant John Doe, is employed by the County of Suffolk Public Transportation and is sued in his individual capacity. At all relevant times defendant acted under color of state law.

6. Defendant John Doe, commissioner/supervisor/director for the Suffolk County Accessible Transportation and is sued in his individual and official capacity.

**FACTUAL ALLEGATIONS**

7. On December 13, 2017, around or about 5:30 P.M. John Doe driver of the Suffolk County Accessible Transportation (SCAT) bus, failed to secure the motor-wheel-scooter (mws) to proper security straps and locks to secure Plaintiff's seated inside the scooter.

8. Plaintiff called the scat bus for transportation from the Stony Brook Cancer Center.

9. Defendant John Doe arrived without any other persons seated in the scat bus and was deliberate and indifferent to Plaintiff's disabled condition by failing to strap safety straps and locks before driving off.

10. Defendant John Doe, commissioner or supervisor the Suffolk County Department of Transportation did not have trained assistance available to assist the disable persons seating properly and securing all motor-wheel-scooter with security straps and locks to said transportation bus.

11. The action and conduct of the individual defendants were the direct result of the failure of the Defendant County of Suffolk to properly train, supervise, monitor and discipline employees in connection with well established foreseeable and predictable incidents that can occur while inclement weather conditions exit while transporting physically disable persons seated inside their motor-wheel-scooters.

12. At all times the weather condition on December 13, 2017, was broadcast as a winter storm advisory was issued for areas of Long Island, specifically, the County of Suffolk, State of New York.

13. As a direct and proximate cause of defendants' action and inactions, plaintiff suffered from injuries to her entire right side of body, back and internal injuries that have cause serious medical complications and surgeries that resulted in further permanent injuries.

14. As a direct result of the actions and conduct of all defendants, plaintiff suffered injuries, pain, emotional distress and trauma, all caused by the violation of her rights under the United States Constitution, 42 U.S.C. section 12132 and 29 U.S.C. section 794.

**FIRST CAUSE OF ACTION**

15. The acts and conduct of the defendant employees constituted an illegal and unconstitutional act of wanton, deliberate and indifferent to plaintiff when the driver failed to properly secure the motor scooter with the Plaintiff seated therein driving reckless in speed and turning the corner which

caused the scooter with the Plaintiff to collide inside the buses chairs and safety rails  made of metal and steel causing such injuries and imminent life threatening danger.

16. The defendant County of Suffolk caused the constitutional violations by reason of its practice and custom, with deliberate indifference, of failing to properly train, supervise and discipline employee, including the defendant John Doe, in the proper use and service of Public Transportation vehicle equipped for such services and transportation of disabled persons and their motor scooters to and from medical centers. Defendant County of Suffolk has also failed, with deliberate and indifference, to properly train supervise and discipline drivers for reckless and deadly damages caused by their negligence to properly secure disabled persons and in the proper means of transporting or protecting such persons from harming themselves or others.

**SECOND CAUSE OF ACTION**

17. Defendants discriminated against plaintiff by reason of her physical condition and disability, denying her the benefits of the services, programs and activities in which she was entitled as a person with a physical health disability, including but not limited to the right to be free of discriminatory or disparate treatment by virtue of her physical disabilities, and to due process of the law. AS a result, plaintiff suffered harm in violation of her rights under the laws and constitution of the United States, 42 U.S.C. section 1983 and 28 U.S.C. section 1367 under state law torts.

18. Defendants County of Suffolk has failed to comply with the mandates of 42 U.S.C. section 12132 and 29 U.S.C. section 794 in the following areas:

a. The failure to properly train, supervise and discipline employees regarding safety measures when transporting motor scooter with disable persons seated therein, on the SCAT bus;

b. The failure of employees to follow established policies, procedures, directives and instructions regarding physically disable persons with scooters seated inside the scooters inside Suffolk County Accessible Transportation buses.

**THIRD CAUSE OF ACTION**

19. The conduct of the defendants was willful, reckless and intentional and constituted deliberate and indifferent to disable persons and gross negligence under the state law 28 U.S.C. section 1367

**RELIEF**

**WHEREFORE**, Plaintiff requests this Court to Order

1. Compensatory damages in the amount of 1.5 million dollars;

2. Punitive damages against the individual defendants in the amount at $2,000,000,000.00 TWO MILLION DOLLARS against the County of Suffolk and $1,000,000,000.00 against the Department of Transportation John Doe and $1,000,000,000.00 against the John Doe employee;

3. Declaratory Judgment;

4. Injunctive relief;

5. Attorney fees and costs;

6. All other appropriate relief.

Plaintiff hereby demands a jury trial.

I declare under the penalties of perjury the above is true as I belief the matters to be true based on my review of the records, interview of the Plaintiff and medical records.

Executed on this 9th day of December, 2020.

*Annette M Totten*
**ANNETTE M. TOTTEN, ESQ.**
**Attorney at Law**
**131 W. Main Street**
**PO Box 1907**
**Riverhead, New York 11901**
**Phone No. (631) 506-3729**